IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| SUNWEST SILVER, INC., a New Mexico corporation, | |
| Plaintiff, | No. CIV 97-0838 PK/WWD |
| vs. | |
| INTERNATIONAL CONNECTION, INC., a foreign corporation, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant International Connection, Inc.'s Motion for Attorney's Fees filed April 23, 1998 (doc. 43). The court, being fully advised in the premises, finds that the motion is not well taken because it has been filed out of time, and should be denied.

On February 10, 1998, the court granted Defendant's motion to dismiss for lack of personal jurisdiction. See Memorandum Opinion and Order filed February 10, 1998 (doc. 33). On March 13, 1998, Plaintiff's motion to alter or amend the judgment was denied. See Order filed March 13, 1998 (doc. 42). On April 23, 1998, Defendant filed the instant motion and memorandum seeking $46,833.90 in attorney's fees along with Plaintiff's Response to Defendant's Memorandum in Support of Motion for Attorney's Fees (doc. 47) and Defendant's Reply Brief in Further Support of Motion for Recovery of

Attorney's Fees (doc. 48) as a "briefing package" "[i]n accordance with Local Rule 7.3(a) . . . ." See Letter dated April 23, 1998 (lodged in correspondence section of file).

Plaintiff argues that the motion is untimely. Fed. R. Civ. P. 54(d)(2)(B), pertaining to attorney's fees, provides that a motion seeking attorney's fees "must be filed and served no later than 14 days after entry of judgment" "[u]nless otherwise provided by statute or order of court." According to D.N.M.LR-Civ. 54.5(a), which governs the timing of motions for attorney's fees in this district, such motions "must be filed and served within thirty (30) calendar days after entry of judgment. Failure to file and serve within this time constitutes waiver of a claim to attorney's fees." D.N.M.LR-Civ. 54.5(a). The rule further notes that the motion "must comply with D.N.M.LR-Civ. 7." Id. D.N.M.LR-Civ. 7.3(b) governs post-judgment motion practice in this district, and it makes no mention of the "motion package" procedure prescribed for pre-judgment motion practice in D.N.M.LR-Civ. 7.3(a)(5).

Defendant filed this "motion package" including its motion for attorney's fees with the Court on April 23, 1998. It seems that the thirty day time period runs from the date of entry of the order dismissing the action (February 10, 1998), rather than from the date of entry of the order denying Plaintiff's Rule 59(e) motion (March 13, 1998). See Mary M. v. North Lawrence Community Sch. Corp., 174 F.R.D. 419, 422-23 (S.D. Ind. 1997). Under either date, however, the motion is untimely. Thus, under D.N.M.LR-Civ. 54.5(a), Defendant's untimely filing constitutes waiver of its claim for attorney's fees.

Defendant admits that D.N.M.LR-Civ. 7.3(b) governs post-judgment motion

practice, but argues that "[c]ounsel for ICI has not understood Local Rule 7.3(b) to apply to motions that are collateral to and do not affect a previously entered dismissal or judgment." Defendant's Reply Brief at 7 (doc. 48). Defendant's local counsel, presumed to know the local rules, initiated the motion package procedure. Id., exh. a. Defendant further argues that assuming its error in failing to timely file, its error should be excused because Plaintiff was served within thirty days, making its error harmless. See id. at 8. D.N.M.LR-Civ. 54.5(a) and 7.3(b), however, require such motions to be "filed and served," not just served, and Defendant cites no authority supporting an alternative reading of these rules.

Although the court has discretion to extend the filing deadline under Fed. R. Civ. P. 54(d)(2)(B) and 6(b) and D.N.M.LR-Civ. 1.7, see Hernandez v. George, 793 F.2d 264, 266-67 (10th Cir. 1986); Mary M., 174 F.R.D. at 223, the court declines to do so given the reasons advanced and the interest in promptly settling the attorney's fees issue in this straightforward case. Moreover, the court has endeavored to apply deadlines in this case evenhandedly to both plaintiff and defendant. See Order filed March 13, 1998 (doc. 42).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Defendant International Connection, Inc.'s Motion for Attorney's Fees filed April 23,

1998 (doc. 43), is DENIED.

DATED this 7th day of May, 1998 at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Dennis F. Armijo, Dennis F. Armijo, P.C., Albuquerque, New Mexico for Plaintiff.

Jonathan E. Moskin and Steven M. Rosenthal, Pennie & Edmonds L.L.P., New York, New York, and Henry M. Bohnhoff, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico for Defendant.